# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 19-50400

STATE OF TEXAS,

*Plaintiff—Appellee*,

*versus*

YSLETA DEL SUR PUEBLO; THE TRIBAL COUNCIL; *tribal governor* MICHAEL SILVAS *or* HIS SUCCESSOR,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-179

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before DENNIS, GRAVES, and WILLETT, *Circuit Judges*.

DON R. WILLETT, *Circuit Judge*:

This is the latest in a long-running string of gaming-law disputes between the State of Texas and the Ysleta del Sur Pueblo. Texas sought to

No. 19-50400

enjoin the Pueblo from holding live-called and electronic bingo. The district court granted the injunction and we upheld it under our prior decisions.[1]

The Supreme Court granted the Pueblo's petition and rejected Texas's contention that Congress has allowed all of the state's gaming laws to operate as surrogate federal law enforceable on the Ysleta del Sur Pueblo Reservation. Under the Court's interpretation of the Restoration Act, "if a gaming activity is *prohibited* by Texas law"—that is, absolutely "banned in Texas"—then "it is also prohibited on tribal land as a matter of federal law."[2] But if the gaming activity is merely *regulated* by Texas law—that is, "by fixing the time, place, and manner in which the game may be conducted"—then it's only "subject to tribal regulation" and "the terms and conditions set forth in federal law, including [the Indian Gaming Regulatory Act] to the extent it is applicable."[3]

The Supreme Court's decision resolves this appeal.

Accordingly, we VACATE the district court's judgment and REMAND for proceedings consistent with this opinion.[4]

---

[1] *Texas v. Ysleta del Sur Pueblo*, 955 F.3d 508 (5th Cir. 2020), *overruled by* No. 20-493, 2022 WL 2135494 (2022).

[2] *Ysleta*, 2022 WL 2135494 at *10, *12 (emphasis added); *see also id.* at *5 ("Because California allowed *some* bingo to be played . . . the State 'regulate[d] rather than prohibit[ed] the game." (quoting *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 211 (1987))).

[3] *Id.* at *8, *10.

[4] We note that while "[n]o one questions that Texas 'regulates' bingo," *id.* at *8, it is up to the district court on remand to decide if "'electronic bingo' qualifies as 'bingo' and thus a gaming activity merely regulated by Texas, or whether it constitutes an entirely different sort of gaming activity absolutely banned by Texas and thus forbidden as a matter of federal law," *id.* at *12.